IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAR 18 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JOHN J. WALSH,

and

ANNABELLE WALSH

      Plaintiffs,

v.

WAVY BROADCASTING, LLC,
a Delaware limited liability company

    SERVE:    Corporation Service Company (Registered Agent)
                  2711 Centerville Road Suite 400
                  Wilmington, DE 19808

LIN TELEVISION CORPORATION,
a Delaware corporation, d/b/a "LIN Media"

    SERVE:    Corporation Service Company (Registered Agent)
                  11 S. 12th St.
                  Richmond, VA 23218

    Defendants.

Case No. 2:11cv174

PLAINTIFFS DEMAND TRIAL BY JURY

## COMPLAINT

COME NOW the plaintiffs, John J. Walsh ("Jack Walsh") and Annabelle Walsh ("Annabelle Walsh"), by counsel, and for her Complaint states as follows:

### Nature of Action

1.     This is an action at law for defamation.

### Parties

2.     Each of the plaintiffs is a natural person, a private individual and resident of the

Commonwealth of Virginia. Prior to the events giving rise to this lawsuit, each of the plaintiffs enjoyed a distinguished reputation within the community as professional "event planners" for weddings, banquets, and other formal social events and former owners and operators of an event planning business and an excellent reputation in the community at large.

3. Defendant, WAVY Broadcasting, LLC ("WAVY Broadcasting"), is a limited liability corporation organized in the State of Delaware, having its principal place of business in Providence, Rhode Island, and owns and operates the television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; by owning and operating WAVY's related website, http://www.wavy.com; and by owning and operating the television station, WVBT (a.k.a.,"WVBT-TV", "WVBT-TV FOX" or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; and by owning and operating WVBT's related website, http://www.fox43tv.com.

4. Defendant, LIN Television Corporation, d/b/a "LIN Media" ("LIN Television Corp."), is a corporation incorporated in the State of Delaware, having its principal place of business in Providence, Rhode Island, and is the Managing Member of WAVY Broadcasting. LIN Television Corp. owns and operates stations and websites in 17 U.S. markets, including but not limited regularly doing business in the Commonwealth of Virginia by owning and operating the television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; by owning and operating WAVY's related website, http://www.wavy.com; by

owning and operating WVBT (a.k.a.,"WVBT-TV", "WVBT-TV FOX" or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; and by owning and operating WVBT's related website, http://www.fox43tv.com. With respect to all acts and omissions alleged herein, WAVY Broadcasting and LIN Television Corp. acted in combination as each other's representatives or agents and are collectively referred to herein as "the defendants."

### Jurisdiction and Venue

5. This Court has diversity jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(1), as this action involves citizens of different states, and the asserted rights and interests of the plaintiffs in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The causes of action arose from the defendants' acts and omissions in this judicial district.

7. The unlawful actions committed by the defendants occurred in this judicial district. The defendants are presently conducting, and regularly conduct, affairs and business activities, and did so at all times alleged herein, in this judicial district, by their respective ownership and operation of a television station, WAVY (a.k.a., "WAVY-TV" or "WAVY-10"), located in Portsmouth, Virginia, licensed to serve Portsmouth, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; WAVY's related website, http://www.wavy.com; the television station, WVBT (a.k.a., "WVBT-TV", "WVBT-TV FOX" or "Fox-43"), located in Portsmouth, Virginia, licensed to serve Virginia Beach, Virginia, and broadcasting throughout the Hampton Roads area of Virginia; WVBT-TV FOX's related website, http://www.fox43tv.com.

8. Venue over the claims of the plaintiffs is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2).

## FACTS

9. Each of the plaintiffs is a professional event planner, as described above, and is a former owner and operator of an event planning business, during the course of events alleged herein.

10. On March 31, 2010, defendants, by and through their television station WAVY-TV, Channel 10 ("WAVY-10"), broadcasted a television video news segment (hereinafter, the "newscast"), attached as **Exhibit A** hereof, falsely stating, *inter alia*, that "'Boots' Daughtery, owner of Affordable and Luxury Tents bought the Walsh's inventory. The computers held an unwelcome surprise". The newscast then showed "Boots" Daughtery stating, "We realized that there was about $25,000 balance dues on bridal, brides' weddings that we were unaware of"; and then the reporter stated, "One of those customers: event planner Ulla Capps. The business owner gave the Walsh's an $850 deposit in January. She was unaware weeks later the business would fold." The newcast then showed Ulla Capps, stating, "If you don't have it in the first place to give it back, you shouldn't take it. It comes back to character and integrity." At the end of the newscast, in a calculated double entendre the newscaster stated, "Character and integrity - a lot of those businesses stepping up to help; that is nice." Taken in context of the rest of the broadcast, the false implications of the foregoing statements were that the plaintiffs had unlawfully converted or embezzled monetary deposits of customers, and then fraudulently sold their business to "Boots" Daughtery without disclosing the existence of $25,000 in accounts payable. The foregoing statements and implications refer to each of the plaintiffs and were false. The

defendants also broadcasted or published the same statements, except for the last statement of the newscaster ("Character and integrity - a lot of those businesses stepping up to help; that is nice"), on March 31, 2010 by video and in an accompanying article on the Internet on www.fox43tv.com. See **Exhibit B**. Both the television video segment and Internet versions of the newscast are referred to herein, collectively, as "the newscast." The defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, deliberately or negligently withheld favorable information concerning plaintiffs from others, and deliberately or negligently placed the plaintiffs in a false light, for the specific purpose of presenting an unbalanced, defamatory impression so as to create a sensational story, with total disregard to the damage the publication or broadcast would do to the reputation and livelihood of Jack Walsh and Annabelle Walsh.

11. The statements alleged above, taken as a whole in the context of the entire newscast, are libelous *per se*, because they imply that each of the plaintiffs is unethical, incompetent, not fit to serve as an event planner or an owner or operator of an event planning business, or any other kind of business, and as such are capable of defamatory meaning and construction. By these defamatory statements the defendants impute unfitness to perform the duties of office or employment for profit and want of integrity in the discharge of those duties. The defamatory statements, individually and taken as a whole, prejudice each of the plaintiffs in his/her profession, tending to injure him/her in his/her employment and profession, and cast him/her as being particularly unfit to be as an event planner or an owner or operator of an event planning business, or any other kind of business, or work in any position of trust.

12. By composing and publishing the defamatory statements alleged herein, the

defendants intended to, and did, charge each of the plaintiffs with being an unethical and incompetent event planner or owner or operator of an event planning business, and any other kind of business, who was therefore unfit to be an event planner or an owner or operator of an event planning business or any other kind of business. The defamatory statements permanently stigmatized each of the plaintiffs as being an unethical, incompetent, dishonest, and unlawful event planner or owner or operator of an event planning business or any other kind of business.

13. The defamatory statements detailed in this Complaint were made of and concerning each of the plaintiffs, are false, and were false when made.

14. The defendants made the statements knowing they were false and with reckless disregard for their truth or falsity, and after having been put on notice that the statements relating to each of the plaintiffs were false. The defendants recklessly asserted defamatory falsehoods, which defendants should have known to be false when made, and which defendants did know were false when made. The statements were made with such gross indifference and recklessness as to amount to a wanton and willful disregard of each of the plaintiffs' reputation and rights. The statements were made to persons having no interest in the subject of the statements.

15. The defendants lacked reasonable grounds for making the statements, implications, and insinuations complained of, and acted negligently in failing to attempt to ascertain the truth thereof. The defendants acted with actual knowledge of falsity, and out of common law malice and actual malice, when making the statements. The statements proximately caused each of the plaintiffs special damages, as well as *per se* damages, including but not limited to pecuniary loss, damage to reputation and standing in the community, embarrassment, humiliation, and mental suffering.

16. Publication of such defamatory statements was intended to refer to each of the plaintiffs and were so understood by those upon reading or hearing of such defamatory statements.

17. The defamatory statements alleged herein were authored by defendants, by and through their television station WAVY-10, and were published or broadcasted by defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com. The defamatory statements were published with the actual, and apparent approval, and ratification of defendants, and the statements proximately caused special and general damages to each of the plaintiffs. The statements caused each of the plaintiffs, *inter alia*, injury to reputation, embarrassment, humiliation, and emotional distress.

### Count I: Libel *per se*

18. The plaintiffs herein incorporate by reference into this count all of the allegations appearing elsewhere in this Complaint.

19. The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, referred to herein are libelous *per se*, because they impute unfitness to perform duties of office or employment for profit and want of integrity in the discharge of duties of such office and the commission of a criminal offense. The statements, individually and taken together as a whole, prejudice each of the plaintiffs in his/her profession, tending to injure him/her in his/her employment and profession, and cast him/her as being particularly unfit to be an event planner or an owner or operator of an event planning business or any other kind of business.

### Count II: Libel

20. The plaintiffs herein incorporate by reference into this count all of the allegations appearing elsewhere in this Complaint.

21. The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, referred to herein have caused, are causing, and will cause each of the plaintiffs injury to his/her reputation, good name, and have held, and will hold, him/her up to public scandal and/or ridicule, and have caused, are causing, and will cause him/her embarrassment, humiliation and mental suffering. The statements were calculated to, and do, hold each of the plaintiffs up to public scorn, hatred, and ridicule; by such publication, the defendants did injure each of the plaintiffs' reputation in the community at large. Each of the plaintiffs has been injured in reputation and good standing in the community in which such plaintiff lives.

22. The statements proximately caused each of the plaintiffs to lose future income.

### Count III: Libel *per Quod*

23. The plaintiffs herein incorporate by reference into this count all of the allegations appearing elsewhere in this Complaint.

24. The statements authored by defendants, by and through their television station WAVY-10, and published or broadcasted by defendants, by and through their television station WAVY-10 and WVBT-TV FOX's related website, http://www.fox43tv.com, referred to herein are libelous *per quod*, because, with reference to the extrinsic facts, the statements impute unfitness to perform duties of office and employment for profit and want of integrity in the

discharge of duties of such office and employment for profit on account of imputed incompetence as an event planner or as an owner or operator of an event planning business or any other kind of business, and the commission of a criminal offenses. The statements, individually and taken together as a whole, prejudice each of the plaintiffs in his/her profession, tending to injure him/her in his/her employment and profession, and cast him/her as being particularly unfit to be an event planner or an owner or operator of an event planning business or any other kind of business.

## Prayer for Relief

WHEREFORE, Plaintiff requests this Court to enter a judgment for the plaintiff, John J. Walsh, against defendants, WAVY Broadcasting, LLC and LIN Television Corporation, d/b/a "LIN Media", jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) as compensatory damages, plus interest at the maximum rate allowed by law on the entire judgment from the date of March 31, 2010, until paid.

WHEREFORE, Plaintiff requests this Court to enter a judgment for the plaintiff, Annabelle Walsh, against defendants, WAVY Broadcasting, LLC and LIN Television Corporation, d/b/a "LIN Media", jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) as compensatory damages, plus interest at the maximum rate allowed by law on the entire judgment from the date of March 31, 2010, until paid.

**Plaintiffs Demand Trial by Jury**

Plaintiffs, John J. Walsh and Annabelle Walsh, demand a trial by jury.

                                              JOHN J. WALSH and
                                              ANNABELLE WALSH

                                      By: _____
                                               Of Counsel

Jeremiah A. Denton, III
VSB # 19191
Vivile R. Dietrich
VSB # 72893
477 Viking Drive, Suite 100
Virginia Beach, VA 23452-7309
Telephone (757) 340-3232
Facsimile (757) 340-4505