# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

WALSH, et al.,

       Plaintiffs,

v.                                                              ACTION NO. 2:11-cv-174

WAVY BROADCASTING, LLC, et al.,

       Defendants.

## OPINION AND ORDER

This Motion to Designate Witnesses Out of Time (ECF No. 39) is brought before the undersigned requesting that Plaintiffs be permitted to designate four additional trial witnesses[1] after the deadlines set forth in the Amended Rule 16(b) Scheduling Order (ECF No. 24).  For the reasons herein, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs John J. Walsh and Annabelle Walsh ("Plaintiffs") filed a Complaint on March 18, 2011, alleging defamation by Defendants, WAVY Broadcasting LLC and LIN Television Corporation ("Defendants").  ECF No. 1.  Plaintiffs allege that Defendants' March 31, 2011 broadcast contained "false implications . . . that the plaintiffs had unlawfully converted or embezzled monetary deposits of customers, and then fraudulently sold their business to "Boots" Daughtery [sic] without disclosing the existence of $25,000 in accounts payable."  Id. ¶ 10.

The original Rule 16(b) Scheduling Order set the Plaintiffs' discovery cutoff date as September 22, 2011.  ECF No. 8.  However, the substitution of defense counsel led the parties to

---

[1] Plaintiffs intend to call JoAnn Daugherty and Guy "Boots" Daugherty as case-in-chief witnesses; however, Plaintiffs intend to call David DesRoches, CPA and Karen Crowley, Esq. as rebuttal witnesses, if at all.  Pls.' Reply Br. in Supp. of Mot. to Designate Witnesses Out of Time 4, ECF No. 43.

file a Motion to Correct/Amend Rule 16(b) Scheduling Order. ECF No. 23. On October 7, 2011, the Court granted the parties' joint Motion to Amend Rule 16(b) Scheduling Order. ECF No. 24. The Amended Scheduling Order moved Plaintiffs' discovery cutoff date to October 7, 2011, and Defendants' cutoff date to November 4, 2011. Id. It also set the deadline for Rule 26(a)(3) Pretrial Disclosures as November 9, 2011. Id. Plaintiffs served their Rule 26(a)(3) disclosures, which named DesRoches and Crowley as witnesses, upon Defendants on November 9, 2011. Pls.' Br. in Supp. of Mot. to Designate Witnesses Out of Time 2, ECF No. 40. On November 18, 2011, Plaintiffs served upon Defendants Amended Rule 26(a)(3) disclosures, adding the Daughertys as witnesses. Id. at 2–3. On November 21, 2011, the Court ordered the December 1, 2011 trial date continued. ECF No. 29. The case was referred to the undersigned Magistrate Judge on December 12, 2011. ECF No. 35.

On January 10, 2012, Plaintiffs filed the present Motion to Designate Witnesses Out of Time. ECF No. 39. On January 20, 2012, Defendants filed a Memorandum in Opposition to the Plaintiffs' motion, and on January 26, 2012, Plaintiffs filed a Reply. ECF Nos. 42 and 43.

## II. **STANDARD OF REVIEW**

Rule 26(a)(3) provides for the complete pretrial identification of witnesses and exhibits as guided by the subsections in the Rule. Fed. R. Civ. P. 26(a)(3). Rule 37(c)(1) addresses the failure to make a disclosure under Rule 26(a), providing that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added). A district court should consider the following five factors in order to determine if the failure to satisfy Rule 26(a) is substantially justified or harmless: "(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The party facing sanctions bears the burden "to show that the failure to comply was either substantially justified or harmless." Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006) (citing S. States, 318 F.3d at 596); see also Colebrook v. Ky. Dep't of Motor Vehicle Enforcement, No. 08-110-JGW, 2011 U.S. Dist. LEXIS 15781, at *6 (E.D. Ky. Feb. 15, 2011) (holding that although defendant might have been aware of the witnesses and exhibits listed on plaintiff's belatedly filed lists, plaintiff, not defendant, "bears the burden to show that his inexplicable noncompliance with the Court's scheduling order was either substantially justified or harmless"). Furthermore, "the district court has 'broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless.'" Carr, 453 F.3d at 602 (quoting S. States, 318 F.3d at 597).

The Rule 16(b) Scheduling Order distinguishes between case-in-chief information and rebuttal or impeachment information for purposes of the Rule 26(a)(3) pretrial disclosures. Rule 16(b) Scheduling Order ¶ 6. The Rule 16(b) Scheduling Order provides as follows: "[w]ith the exception of rebuttal or impeachment, any information required by Rule 26(a)(3) not timely disclosed, delivered, and incorporated in the proposed final pretrial order shall result in the exclusion of the witnesses, depositions, and exhibits which are the subject of such default." Id.; see also United States v. Beilharz, 378 F. App'x 363, 365 (4th Cir. 2010) (noting that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements" (quoting United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974))).

## III. ANALYSIS

### A. Case-in-Chief Witnesses

Plaintiffs fail to meet the burden of showing that their failure to comply with Rule 26(a) was substantially justified or harmless. Plaintiffs argue that since the trial date was moved to March 2012, and the witnesses at issue were identified on November 18, 2011, Defendants had "more than adequate time to prepare for the inclusion of said witnesses." Pls.' Br. 3. However, Plaintiffs' amendment adding the Daughertys missed the Rule 26(a)(3) deadline of November 9, 2011, which was set by the Amended Rule 16(b) Scheduling Order. Plaintiffs provide the following justification for omitting the Daughertys from their Rule 26(a)(3) disclosures: "Plaintiff had for good reason assumed the Daughertys would be listed as defense witnesses." Pls.' Br. 2. Thus, despite mentioning the Daughertys numerous times in interrogatories and depositions, Plaintiffs made a tactical decision to omit the Daughertys from their Rule 26(a)(3) disclosures. Fourth Circuit precedent suggests that if the omission is intentional, untimely disclosure of a witness is not substantially justified. See Carr, 453 F.3d at 604 ("[E]ven if we were to consider mere inadvertence a 'substantial justification' under Rule 37(c)(1), plaintiff has not demonstrated that her failure to comply was an inadvertent act.").

Plaintiffs admit that on November 18, 2011, that "it became apparent that the Daughertys may be necessary to authenticate two important email exhibits to which Defendants had unexpectedly objected." Pls.' Br. 2–3. However, Plaintiffs did not move the Court for leave to amend their disclosures at that time. Since Plaintiffs have brought this potential evidentiary failure upon themselves as the result of a tactical decision, allowing the Daughertys to be added as witnesses would not be harmless to Defendants. Thus, Plaintiffs are not permitted to designate the Daughertys as additional case-in-chief witnesses.

### B. Rebuttal Witnesses

Plaintiffs maintain that the remaining two witnesses, David DesRoches, CPA and Karen Crowley, Esq., "are only expected to be called as rebuttal witnesses, if called at all." Pls.' Reply 4. Plaintiffs' justification for designating these witnesses out of time is that Defendants' new counsel raised "unanticipated issues" during Mr. Walsh's deposition leading him to identify these witnesses. Id. at 2. On November 9, 2011, Plaintiffs timely served their Rule 26(a)(3) disclosures, which identified both DesRoches and Crowley as trial witnesses. Id.; see also Mot. to Amend Rule 16(b) Scheduling Order. Thus, because rebuttal witnesses are not required to be designated in Rule 26(a)(3) disclosures and DesRoches and Crowley will be called only as rebuttal witnesses, they will be permitted to testify at trial.

### IV. ORDER

For the foregoing reasons, the Court ORDERS that Plaintiffs' Motion to Designate Witnesses Out of Time (ECF No. 39) be GRANTED IN PART and DENIED IN PART.

The Clerk is DIRECTED to mail a copy of this Opinion and Order to the counsel of record.

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 5, 2012